**4**
Law Offices of Peter G. Macaluso
Peter G. Macaluso #215730
7311 Greenhaven Drive, Suite 100
Sacramento, CA 95831
916-392-6591
916-392-6590 Facsimile

Attorney for Debtor
Maria L. Mez

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO

IN THE MATTER OF

Mez, Maria L.
 SS#xxx-xx-5565

CASE NO. 13-33800-B-13J
DOCKET CONTROL #:PGM-1
DATE:  November 19, 2013
TIME:  9:32 a.m.
DEPT#: B, Courtroom 32
Honorable Judge Thomas C. Holman

_____Debtors_____/

**MOTION TO EXTEND THE AUTOMATIC STAY PURSUANT TO
11 U.S.C. 362(c)(3)(B) AS TO ALL CREDITORS**

**TO ALL PARTIES IN INTEREST:**

 Debtor, Maria L. Mez, by and through her attorney of record, Peter G. Macaluso, respectfully moves this court for an Order Extending the Automatic Stay pursuant to 11 U.S.C. 362(c)(3)(B), as to all creditors in the above captioned case.

 This motion is made pursuant to 11 U.S.C. 362(c)(3)(B) and Local Bankruptcy Rule 9014-1(f)(2) and based on these moving papers, the debtor's declaration, the records and pleadings on file herein, and upon such other oral and documentary evidence as may be presented at the hearing on this motion.

-1-

## I. PROCEDURAL HISTORY

1.  Debtor filed a previous Chapter 13 case, case# 10-53447 on 12/23/10, which was dismissed on or about 8/26/13.

2.  The current Chapter 13 case was filed on 10/25/13. The instant motion to extend the automatic stay is schedule to be heard before the expiration of the initial 30 day automatic stay, as required by statute (see In re Taylor, 334 B.R. 660 (Bank. D.Minn. 2005)).

3.  The instant motion is being filed within 30 days of the filing of the instant chapter 13 case (see In re Thomas, B.R. 2006 WL 278544).

4.  The debtor filed a Chapter 13 Plan concurrently with the Chapter 13 bankruptcy petition, which plan is confirmable and very likely to successfully complete given the debtor's income and expenses. Refer to Exhibit "A" and Exhibit "B" filed herewith.

5.  The current plan provides for payment of her vehicle and proposes to surrender the real property located at 7025 Thomas Drive. The payments required are set at $190.00 per month for sixty months.

## II. ARGUMENT

11 U.S.C. 362(c)(3)(A) limits the automatic stay to thirty (30) days after the filing of the later case when the Debtor has filed one prior case that has been dismissed without prejudice within the past year. The Code also allows for the extension of the automatic stay upon motion fo a party in interest within thirty (30) days of filing of the most recently filed case. 11 U.S.C. 362(c)(3)(B). The Code section goes on to explain the moving party

must demonstrate that the most recently filed case has been filed in good faith.  Id.

In re Sarafoglou, 345 B.R. 19 (Bankr. D. Mass. 2006), sets out a concise formula to evaluate whether a second bankruptcy filing was filed in bad faith and therefore not subject to the extension of the automatic stay.  The factors the Court were to consider are: (1) whether the case was filed to "obtain legitimate bankruptcy law protection;" (2) whether the debtor "is eligible for such protection and relief; (3) whether the debtor "is pursuing such protection and relief honestly;" and (4) whether the debtor "has sufficient resources to render the pursuit meaningfully."

Good cause exists for the granting of the Motion to Extend Automatic Stay as to all creditors in this case.  The extension is necessary to protect the debtor's assets, absent the instant filing as the debtor's current case overcomes any presumption of bad faith.

Based on the aforementioned elements, the instant case was filed in order to retain her vehicle.  The debtor currently unemployed and is receiving unemployment benefits in the amount of $1,275.00 per month.

Further, Debtor's Schedule I and B22C reflect that she is earning enough wages and money to cover all her necessary obligation sin addition to the proposed Chapter 13 Plan.  The Debtor reflects reasonable and necessary expenses of approximately $1,085.00, allowing for a monthly plan payment of $190.00, and the ability to fund the current plan, and obtain a discharge (See In re Charles, 334 B.R. 207, 219 (Bank. S.D.Tex. 2005)).

Lastly, there is no indication that the Debtor engaged in any type of scheme or other operation to abuse the bankruptcy process.

### III. CONCLUSION

Although the dismissal of the debtor's previous case raises the presumption of bad faith, the debtors assert that they have satisfactorily shown that the instant case was filed in good faith, and that there is sufficient justification to extend the automatic stay as to all creditors.

WHEREFORE, Debtors pray that this Court issue its Order Extending the Automatic Stay as to all creditors in the above captioned case.

Date: November 5, 2013          /s/ Peter G. Macaluso
                                Peter G. Macaluso, Attorney at Law